IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL C. CALHOUN,<br><br>　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. CV 05-0394-TUC-CKJ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before this Court is a Motion to Dismiss (Document # 3), filed by Defendant on July 28, 2005, along with a memorandum of points and authorities, and a Declaration of John B. Snyder III ("Declaration"). On August 23, 2005, Plaintiff filed a response. For reasons which follow, the Magistrate Judge recommends that the District Court, after its independent review GRANT Defendants' Motion to Dismiss.

**Procedural Background**

On June 17, 2005, Plaintiff filed a Complaint in the United States District Court invoking the jurisdiction of the Court "pursuant to 26 U.S.C. 6330(d)(1)(B) to set aside the 'Determination' at issue, and award Plaintiff costs and damages pursuant to 26 U.S.C. 7433." (Complaint, p. 1.)

Plaintiff contends that the determination was issued in violation of law. (Complaint, p. 2) The rest of the Complaint sets forth, in paragraphs numbered 1 through 40, Plaintiff's arguments, factual summaries, and references to attached transcripts and exhibits[1] in support of the primary allegation of his Complaint.

---

[1] Defendant notes in its Motion to Dismiss that the numerous exhibits attached to the Complaint were not attached to the copy

1  The facts which give rise to the Complaint are essentially uncontested. Plaintiff received two letters, dated January 28, 2004, from a Thomas D. Mathews, Compliance Center, Ogden Service Center. (Complaint, Ex. B) The letters state that "This letter is your NOTICE OF DEFICIENCY, as required by law." (Id.) Plaintiff concedes that he received these letters, however, Plaintiff contests certain procedural irregularities, including the sufficiency of these letters to serve as Notices of Deficiency for the tax years 2000 and 2001 for numerous reasons. (See Complaint and attached transcript.) The letters instructed Plaintiff, if he wished to contest the determination, to petition the United States Tax Court within 90 days of the date of the letter. (Complaint, Ex. B & C.)

In response to the January 28, 2004 letter, Plaintiff sent letters to Secretary of Treasury, John W. Snow, Commissioner of the Internal Revenue Service ("IRS") Mark W. Everson, Thomas D. Mathews, Compliance Center, and requested that Mr. Mathews forward a copy of the letter to a Mr. Parizek. (Complaint, ¶ 2, Ex. D, E.)

Plaintiff received no direct response from the above letters, but did receive a notice entitled "Final Notice of Intent to Levy and Notice of Your Right to a Hearing," dated October 29, 2004, which instructed Plaintiff to "Call Immediately to Prevent Property Loss." (Complaint, Ex. F.)

Plaintiff filed a timely request for a collection due process hearing, and a face-to-face hearing was scheduled for May 10, 2005. (Complaint, Ex. G, H; Declaration, Ex. A.)

The hearing was conducted and Plaintiff raised many issues, again, dealing primarily with alleged procedural irregularities, including statutory sufficiency of the Notice and Demand for payment, the verification of the notice and demand at the hearing, the lack of delegation of authority of the Secretary to agents whose signatures

---

of the Complaint served on the United States.

appeared on various notices received by Plaintiff, and the sufficiency of the collection due process hearing itself.  (Complaint, Ex. I)

On May 19, 2005, the IRS sent Plaintiff a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. (Declaration, Ex. A) The Notice of Determination informed Plaintiff that it was the determination of Appeals to fully sustain the Compliance Function, that the Plaintiff presented only frivolous arguments and did not provide the necessary documentation for consideration to be given to a less intrusive collection alternative.  (Id.)   The Notice of Determination also informed Plaintiff that to dispute the determination he must file a petition with the United States Tax Court for a redetermination within 30 days from the date of the letter.  (Id.)

This Complaint followed.

**Discussion**

Defendant's Position

Defendant moves to dismiss for lack of subject matter jurisdiction.  Defendant argues that to the extent that Plaintiff is seeking judicial review of the IRS's determination under 26 U.S.C. § 6330, jurisdiction lies with the United States Tax Court.  To the extent that Plaintiff is seeking an award of costs or damages under 26 U.S.C. § 7433, this Court is deprived of jurisdiction unless Plaintiff has exhausted administrative remedies mandated under that section.  Finally, to the extent Plaintiff is seeking punitive damages against the United States, sovereign immunity prevents Plaintiff from doing so.

Plaintiff's Position

Plaintiff responds by clarifying that he is not seeking judicial review of a 26 U.S.C. § 6330 hearing, but is bringing a civil action as provided for by 26 U.S.C. § 7433, and intends to prove that the Defendant recklessly or intentionally disregarded the provisions of 26 U.S.C. § 6330 such that no § 6330 hearing even took place.

1   Plaintiff further contends that he has exhausted his administrative remedies
2 through the issuance of above mentioned letters to the Commissioner of the IRS and the
3 Secretary of the Treasury, and that the collection due process hearing was Plaintiff's
4 final administrative remedy.

**Analysis**

6   It is the Magistrate Judge's Finding and Recommendation that the Plaintiff has
7 waived, pursuant to Paragraph 2 of his Response, any judicial review of the
8 Determination by this Court, either of the underlying liability or of any procedural
9 irregularities, asserted in his claim.

10 Jurisdiction under 26 U.S.C. § 6330

11   In the alternative, however, this Court will address this Court's jurisdiction over
12 Plaintiff's request to set aside the Determination at issue pursuant to 26 U.S.C. §
13 6330(d)(1)(B).

14   The United States, as a sovereign, is immune from suit unless it has consented to be
15 sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity must
16 be explicit and is strictly construed in favor of the United States.  *Id*.  The party suing the
17 United States bears the burden of demonstrating a waiver of immunity. *Anderson v. Zenali*,
18 163 F.3d 605 (9th Cir.1998) (quoting *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir.
19 1986)).

20   To the extent that Plaintiff is attempting to obtain judicial review of the
21 Determination pursuant to 26 U.S.C. § 6330, jurisdiction is vested in the court that has
22 jurisdiction of the underlying tax liability.  26 U.S.C. § 6330(d)(1).  Exhibits B and C
23 of Plaintiff's Complaint indicate that the underlying tax liability at issue is an income
24 tax liability.  Plaintiff himself makes arguments in his Complaint based on his assertion
25 that the underlying tax liability is an income tax liability.  (See Complaint, ¶ 39.f.3.)
26 Furthermore, Plaintiff does not dispute Defendant's characterization in the Motion to
27 Dismiss of the underlying  liability as an income tax liability.

28

- 4 -

1       Pursuant to Treasury Regulation, if the tax liabilities at issue are income tax
2 liabilities, the United States Tax Court has exclusive jurisdiction. *See* Treas.Reg. §
3 301.6330-1T(f)(2), Q-F3/A-F3. There is no distinction present in the statute between
4 cases of procedural versus substantive content and Plaintiff has not produced any
5 relevant law which would suggest that a procedural claim should be treated differently
6 for purposes of judicial review. Judicial review of the Determination in this case
7 properly lies with the United States Tax Court.

8 Jurisdiction under 26 U.S.C. § 7433

9       Plaintiff also asserts jurisdiction under 26 U.S.C. § 7433. Section 7433 provides
10 for a civil cause of action for damages, against the United States in a district court, if,
11 in connection with any collection of Federal tax with respect to a taxpayer, any officer
12 of employee of the Internal Revenue Service recklessly or intentionally, or by reason
13 of negligence disregards any provision of the tax code or any regulation promulgated
14 thereunder. *See* 26 U.S.C. § 7433(a).

15       Damages may not be awarded, however, in an action brought pursuant to § 7433,
16 unless the court first determines that the plaintiff has exhausted the administrative
17 remedies available to a plaintiff within the Internal Revenue Service. *See* 26 U.S.C. §
18 7433(d)(1). *See also Conforte v. United States*, 979 F.2d 1375,1377 (9th Cir. 1992).

19   The exhaustion requirements under § 7433 are governed by 26 C.F.R. § 301.7433-1.
20 Among these requirements are that an administrative claim is sent to the Area Director,
21 Attn: Compliance Technical Support Manager of the area in which the taxpayer
22 currently resides. 26 C.F.R. § 301.7433-1(e). There is no indication that Plaintiff has
23 complied with these filing guidelines. Plaintiffs only allegation that he has exhausted
24 administrative remedies falls short of complying with the appropriate guidelines.
25 Plaintiff therefore cannot establish jurisdiction under § 7433. All claims pursuant to
26 this section are properly dismissed.

27

28

Other Punitive Damages

As noted above, it is the Plaintiff's burden to demonstrate a waiver of sovereign immunity establishing jurisdiction over all claims. Plaintiff has not met that burden inasmuch as his Complaint requests relief in the form of punitive damages.

**Recommendation**

In light of the foregoing, this Court recommends that the District Judge, after its independent review, GRANT Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Document #3)

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CIV 05-0394-TUC-CKJ.

PLAINTIFF IS FURTHER NOTIFIED THAT IF HE FILES OBJECTIONS TO THIS RECOMMENDATION HE SHALL SERVE ON DEFENDANT, AT THE SAME TIME AS THE OBJECTIONS, A COPY OF ALL EXHIBITS AND TRANSCRIPTS THAT WERE ORIGINALLY FILED IN THE COURT ALONG WITH THE COMPLAINT IN THIS MATTER.

DATED this 3rd day of February, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge